IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHICAGO INSURANCE COMPANY,
INTERSTATE INSURANCE GROUP,

                Plaintiff,                Case No. 3:01 CV 2588

    -vs-

                                            <u>MEMORANDUM OPINION</u>
JAMES A. CAPWILL, et al.,                 <u>AND   ORDER</u>

                Defendant.

KATZ, J.

       Plaintiff has filed a motion to compel disclosure of documents pertaining to Anne M. DiLeo. (Doc. No. 106), as to which Defendants through Attorney William T. Wuliger have filed an opposition (Doc. No. 111), Plaintiff has filed a reply (Doc. No. 117) and Defendants have filed an additional opposition (Doc. No. 122).  After a review of the documents filed related to the primary issue before the Court as a result of Plaintiff's motion, Plaintiff's motion will be denied.

       The Court does not feel it is necessary to delve into the significant background giving rise to this litigation.  It is well summarized in the documents presently before the Court, particularly the motion filed by Plaintiff.  The present motion seeks to force DiLeo's counsel to augment his response to Plaintiff's request for copies of any and all documents concerning her guilty plea in the United States District Court for the Eastern District of Tennessee at Chattanooga.  It appears that Plaintiff's  counsel has now acknowledged that Defense counsel has no obligation nor power to deliver copies of documents placed under seal in the criminal case by the District Judge.  Likewise, this Court has no power to unseal those documents.  Therefore, as to those documents it is clearly not within the obligation, even power of defense counsel Wuliger to produce same.

As to whether Mr. Wuliger has made a good faith effort in attempting to respond to Plaintiff's counsel's requests for documents, this Court has a long history with Mr. Wuliger as it is well known that he is the Receiver appointed by the Court with respect to other aspects of the wide range of litigation arising out of the Liberte, Alpha, Jamieson and Capwill matters.  At no time has the Court found his representations untrue or inappropriate.  Mr. Wuliger has stated both prior to the filing of the motion which gives rise to this order that he does not have possession of the document or documents at issue and that they are not in his custody or control.  Assuming that to be the case, the matter is moot irrespective of the mass of paperwork utilized on the subject motion and responses.  Additionally, it is difficult for this Court to understand the relevancy of the DiLeo criminal documents; however, if Plaintiff's counsel still believes the same are important, the appropriate avenue is to address the issue with respect to unsealing at the appropriate level, the U. S. Attorney's Office and/or the District Judge in the Tennessee court.

At page three of Doc. No. 122, the following statement is contained:

> Intervening Defendants state now (and have repeatedly advised CIC) that they are not aware of the existence of any unsealed responsive documents not already produced - privileged or otherwise.

Opp. To Pltf. Motion to Compel, p. 3.  This Court can ask for no clearer statement from defense counsel and will rely upon that statement.  However, should any such documents come into the possession of Mr. Wuliger or the Defendants which are responsive to the requests previously made by Chicago Insurance Company ("CIC"), he is under a continuing obligation to either produce the same or establish a privilege which prevents him from doing so.

Finally, with respect to the requests by CIC to use its own personnel to conduct a search of the records now in the possession of Northeast Escrow Services or others, previously in the

possession of either or both Anne DiLeo or Alpha Capital Group, those records do include a significant amount of investor information and contain investor files; included in those files are names, social security numbers, addresses, etc. pertaining to investors in or through Alpha.  The Court cannot find any relevancy to this case with respect to those that types of information and will not countenance a fishing expedition at the cost of the Defendants.  However, while the Court sees no compelling reason why the Receiver, Mr. Wuliger, should be required to permit unfettered access to those files, the staff of Northeast Escrow will search for those documents appropriately producible to CIC and will charge therefore the same hourly rate for its personnel as the Court has approved in connection with services rendered to the Receivership.

For the reasons stated herein above and in the responses to Plaintiff's motion as contained in the memoranda filed by defense counsel Wuliger, Plaintiff's motion to compel is denied.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE