IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHICAGO INSURANCE COMPANY,

                              Plaintiff,                    Case No. 3:01 CV 2588

            -vs-
                                                            MEMORANDUM   OPINION
JAMES A. CAPWILL, et al.,

                              Defendant.

KATZ, J.

        This matter is before the Court on the issue of whether this action requires a trial by jury or

to the bench.  Also before the Court is Plaintiff's motion for immediate recusal.  This Court has

jurisdiction pursuant to 28 U.S.C. § 1332.

### BRIEF PROCEDURAL BACKGROUND

        At a status conference held in late August 2010, the parties disputed the need for a jury

trial.  The Court ordered each side to brief the issue and advise as to whether both sides consented

to the undersigned presiding over a bench trial.  The Plaintiff demanded a jury trial given their

allegations of fraudulent procurement of the policy as well as a rescission of the policy.  (Doc. No.

209.)  In response, the Defendants agreed not to oppose the request for a jury trial.  (Doc. No.

211.)   Based upon the parties' submissions, the Court ordered a jury trial stating, "As factual

determinations will be for the jury panel, there no longer exists the need for the undersigned

judicial officer to recuse from this case due to prior involvement in a settlement conference."

(Doc. No. 212.)

        On May 20, 2010, Plaintiff filed a notice of withdrawal of its jury demand as to its claim

for rescission,  (Doc. No.222), which was promptly opposed by Defendants.  (Doc. No. 223.)

### JURY OR BENCH TRIAL

In this action, there are both legal and equitable claims.  The Court addresses these issues *in seriatim*.

A.  *Withdrawal of Plaintiff's Jury Demand*

Plaintiff's withdrawal of demand for a jury trial relies upon Rule 38(d) of the Federal Rules of Civil Procedure, stating that the Defendants' consent was necessary to withdraw the Plaintiff's jury demand.  Fed. R. Civ. Pro. (38)(d).  Defendants stated that they did not consent to the Plaintiff's withdrawal of its jury demand.

Defendants also asserted that the issues to be tried by a jury were legal, and therefore there was a right to a jury trial for this claim.  Rule 38(b) of the Federal Rules of Civil Procedure clearly states, however, that a party *may* demand a jury trial on any issue triable of right by a jury.  Plaintiff can still choose to waive its right to a jury trial for legal issues by withdrawing its jury demand.

Most importantly, the Defendants fall into one of the exceptions to Rule (38)(d)  because the Defendants objected at one point to the jury trial demand, their consent is not required to grant the withdrawal of the jury demand.  8 MOORE'S FEDERAL PRACTICE ¶38.50[10][c], at 38-239 (3d ed. 2010) (footnotes omitted).  In the Notice by Defendants and Intervening Defendants of Consent to Trial before this Court and Notice of Non-Opposition to Trial by Jury, the Defendants referenced a phone conference, clearly stating that "during the conference, Plaintiff asserted that it was, in fact, entitled to a trial by jury - a position that Defendants questioned, in light of the equitable nature of Plaintiff's claim." (Doc. No. 211, p. 1).  Moving to strike the opponent's jury demand, even informally, may preclude a party from objecting when that opposing party later attempts to unilaterally withdraw that jury demand.  *Id.* at ¶39.13[1][c][iv], at 39-22.

2

The conduct purporting to waive a jury trial may not be inferred lightly. *Id.*   The 2nd Circuit Court of Appeals held in *Tray-Wrap, Inc. v. Six L's Packing Co.,* that although informal waivers are possible, it was insufficient for the conduct to have occurred in a conference call with the judge without any entry on the record.  *Id*. at ¶38.50[10][c], at 38-239.; *see Tray-Wrap, Inc. v. Six L's Packing Co.*, 984 F.2d 65, 68-69 (2nd Cir. 1993) (while informal waivers are possible, it was 'impossible to reconstruct' what was said during the conference call).  Defendants in this case entered on the record their objections to the jury trial when they referenced the subject matter of the conference call in the aforementioned Notice.  (Doc. No. 211, p.1).  Because of this official record of their previous objection to a jury trial, Defendants' consent is not required for the Plaintiff to withdraw its jury demand.

Additionally, the consent to a withdrawal of a jury demand is not required of a party unaffected by a jury trial demand.  8 MOORE'S FEDERAL PRACTICE ¶38.50[10][d], at 38-240.   The issues, according to the Defendants in Doc. 211, are (a) whether any misstatement's on Capwill's insurance application were fraudulently made; and (b) whether any misstatements on Capwill's insurance application were material to Plaintiff's assumption of risk.  These two issues center on Defendant Capwill's application for insurance coverage with Plaintiff, rather than on the counterclaim for damages resulting from Plaintiff's denial of coverage for the Defendants.

Therefore, the Defendants' opposition to Plaintiff's withdrawal of jury demand is futile both because Defendants are unaffected by the demand for a jury trial, and because Defendants' previously opposed the Plaintiff's jury demand.  This Court may allow Plaintiff to withdraw its demand for a jury trial in this matter.

In allowing the withdrawal of a jury demand, the Court must next decide whether Defendants are entitled to a jury demand.

*B. Whether Issues of Material Fact Must Be Tried to a Jury.*

Both parties to this action originally filed jury demands in their Second Amended Complaint and Answer to the Second Amended Complaint, respectively.  Plaintiff withdrew its jury demand, and Defendants then opposed the withdrawal.  Defendants requested a trial by jury for the issue raised in their counterclaim against Plaintiff, for damages resulting from the non-performance of Plaintiff's obligations as the insurer for Capwill.

This Court denied Plaintiff's  motion for summary judgment for Count I of the second amended complaint on September 21, 2009, finding that Capwill's statements on his insurance application did not constitute warranties under Ohio law. Chicago Insurance had claimed that it was entitled to summary judgment because Capwill's statements on his application were warranties and thus that the policy was void *ad initio*.  (Doc. Nos. 199 and 200.)

This Court also denied summary judgment on Counts II, III, IV, and VI addressing the duty to defend or indemnify Defendants in these suits.  This Court found that the claims against Capwill were arguably covered by Capwill's insurance coverage, that Plaintiff's  failed to offer proof of any judgment on the negligence claims asserted against Capwill and that Chicago Insurance was not entitled to avoid its obligation to defend Capwill.

Because this Court denied Plaintiff's  motion for summary judgment on Count I, the following issues of material fact must be resolved before this Court can assess Plaintiff's demand for rescission of the insurance contract.

4

    a.      Whether Defendant Capwill made any fraudulent statements on his insurance application.

    b.      Whether any misstatements on Capwill's insurance application were material to Plaintiffs assumption of risk.

The question of whether the parties are entitled to a jury trial for any issue is procedural, and the Federal Rules of Civil Procedure govern jury demands.

*C. Are Issues of Material Fact Common Questions to the Complaint and Counterclaim?*

If the material issues of fact are common to both the legal claim for damages (made by Defendants) and the equitable claim for rescission (made by Plaintiff), then the common questions would need to be tried first so as to preserve the jury trial right of the Defendants on the contract claim. 8 MOORE'S FEDERAL PRACTICE ¶38.31[8][c], at 38-89 (3d ed. 2010), *citing Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959) (noting the trial court's discretion in deciding whether the legal or equitable action should be tried first).

Under Rule 13(a) of the Federal Rules of Civil Procedure, the test for determining whether a jury request on a counterclaim entitles a party to a jury trial on the complaint is whether the counterclaim arises out of the same transaction and occurrence that is the subject matter of the opposing party's claim (if it is a compulsory counterclaim). If the counterclaim is compulsory, the issues of material fact are common questions. A permissive counterclaim, on the other hand, usually brings new issues before the court, unless it meets one of the exceptions to compulsory counterclaims in Rule (13)(b)(2). 3 MOORE'S FEDERAL PRACTICE ¶13.30[1], at 13-46 (3d ed. 2010) (footnotes omitted).

    1.   <u>Is the Counterclaim Permissive or Compulsory</u>?

An intervening defendant may bring a compulsory counterclaim[1] under Rule 24 of the Federal Rules of Civil Procedure, if his action has the same transaction and occurrence of the original action. Where the counterclaim arises out of a different transaction and occurrence from the subject matter of the opposing party's claim, the counterclaim is permissive.

In this case, the transaction and occurrence for Plaintiff's original claim is Capwill's application (whether or not he fraudulently misrepresented details on the document) for an insurance policy and this policy's ensuing voidability.

The Defendants, however, seek to recover because Plaintiff's alleged breach of contract occurred when Chicago Insurance denied coverage by seeking rescission of the contract between Capwill and the insurer.  Defendants further allege that Plaintiff denied coverage in bad faith, and that Defendants are entitled to punitive damages as a result of Plaintiff's conduct.  The aforementioned allegations are material issues of fact that did not appear in the Plaintiff's original claim, thus, the counterclaim brings forth new issues.

This Court determines Defendants have asserted a permissive counterclaim, and that Defendants' jury demand only relates to those claims that are asserted against Plaintiff in the counterclaim.  Consequently, the issues in Section B, *infra*, would not be common questions of fact since the counterclaim is deemed permissive, and thus Plaintiff may waive its right for a trial by jury on those material issues of fact.

---

[1]

Generally, courts use a flexible approach when determining if a counterclaim arose out of the same transaction and occurrence as the claim.  To determine whether a counterclaim is compulsory, the federal courts consider the following factors: similarity of factual and legal issues; whether claim preclusion would bar subsequent suit on a counterclaim (absent compulsory counterclaim rule if not pleaded); whether the same evidence supports or refutes both the principal claim and counterclaim; and whether a logical relationship exists between claim and counterclaim. 3 MOORE'S FEDERAL PRACTICE ¶ 13.10[1][b], at 13-11-13 (3d ed. 2010).

6

*D.  Claim of Rescission and Trial to a Jury or the Bench*

Under both Ohio and federal law, the court, on motion or on its own, may find that there is no federal right to a jury trial on some or all issues for which there are a jury demand.  Fed. R. Civ. P. 39(a)(2).  In civil law cases, the 7th Amendment grants citizens a right to a jury trial only when the value exceeds twenty dollars.  U.S. Const. Amendment VII.  Both federal and state courts in Ohio have found that rescission of a contract is a form of equitable relief, and that there is no right to a jury trial for cases of equity jurisdiction.

The United States Supreme Court has set forth a two-part test to determine whether there is a right to a jury trial for a particular action; (1) whether the action would have been an historically legal or equity claim and (2) whether the remedy sought is legal or equitable.  *Tull v. United States*, 481 U.S. 412, 417 (1987).  Rescission has long been considered an illustrative historical equity action.  8 MOORE'S FEDERAL PRACTICE ¶38.31[8], at 38-88 (3d ed. 2010) (footnotes omitted).  Thus, there is no right to a jury trial for a suit in which one party seeks the rescission of an insurance contract.

Additionally, fraud is neither a legal nor equitable issue in the abstract.  Instead, the relief sought by the party raising the issue is controlling for purposes of determining a right to a jury trial.  In this action, Plaintiff raises the issue of fraud and demands rescission, an equitable relief, thereby waiving its right to a jury trial.

1.  <u>Federal Law</u>

The Sixth Circuit Court of Appeals has taken the approach that rescission is a proceeding in equity.  *Black v. Boyd*, 248 F.2d 156, 161-162 (1957); *see also Great Northern Life Ins. Co. v. Vince*, 118 F.2d 232, 234 (6th Cir.  1941).  The Plaintiff in *Black* sought to recover against an

insolvent company; because of this, the Court held that the normal common law remedy would be insufficient and mandated the rescission of the insurance contract, clearly stating that this rescission would be a form of equitable relief.

The *Black* opinion further extrapolated on the rescission of this contract, stating that there is no right to a jury trial when the relief sought takes the form of equitable relief.  *Black* at 162. In cases of equitable relief, there are no damages, so a court may decline to grant a jury demand when the relief sought is rescission of the contract.

Even when the distribution of assets to the parties is sought as a part of the rescission of the contract, the action remains an action in equity. 8 MOORE'S FEDERAL PRACTICE ¶38.31[8], at 38-88 (3d ed. 2010) (footnotes omitted); see also *Phillips v. Kaplus*, 764 F.2d 807, 814 (11th Cir. 1985) (holding that the Plaintiffs request for rescission of the sale of their partnership interest, a reformation of that partnership, and a subsequent winding up and accounting of partnership affairs all were equitable actions that did not require trial by jury).

This Court, in *Douglas v. Burroughs*, held that the right of trial by jury, as an absolute right, does not extend to cases of equity jurisdiction.  *Douglas v. Burroughs*, 598 F. Supp. 515, 517 (N.D. Ohio 1980), *citing Barton v. Barbour*, 104 U.S. 126, 133-34 (1881).  The Court in this matter may, under federal law, decline to provide a jury trial for this matter.

2.  State Law

Under Ohio law, this Court may still opt to decline the jury demand in this action.  The Ohio Supreme Court held that rescission is an equitable remedy, *Cross v. Ledford*, 161 Ohio St. 469, 475 (1954), and that the right to a jury trial does not exist if the relief sought is equitable rather than legal.  *Digital & Analog Design Corp. v. North Supply Co.*, 63 Ohio St. 3d 657, 662

8

(Ohio 1992) (citation omitted), *overruled on other grounds by Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552 (1994).

In Ohio, a plaintiff may not request an alternative suit for damages while simultaneously asking for equitable relief in the form of rescission - he must elect which remedy he seeks.  If he chooses rescission, he waives his right to a jury trial despite the fact that he might have originally requested damages that would have constituted a legal action.  *Arber v. Essex Wire Corp.*, 490 F.2d 414, 422 (6th Cir. 1974) (citing *Baird v. Howard*, 51 Ohio St. 57, 66 (1894) (holding that in the event of an incapacitated contract where the Plaintiff has an option to affirm or rescind, he must restore consideration paid to him in order to recover property with which he has parted).

Therefore, there is no right to a jury trial under either Ohio or federal law when the relief requested is rescission.  As Plaintiff may withdraw the jury demand, its rescission claim is a matter for the a trial to the Court.[2]

### PLAINTIFF'S MOTION FOR IMMEDIATE RECUSAL[3]

The requirements for disqualification of a judge is set forth in 28 U.S.C. § 455:

------

[2]

When the disposition of the equitable claim would make consideration of the legal claim unnecessary, the equitable claim may be determined first.  8 MOORE'S FEDERAL PRACTICE ¶38.31[10][c], at 38-93 (3d ed. 2010).  If Plaintiff is granted rescission of its contract with Capwill, it will not be liable to Defendants for damages arising from Plaintiff's non-performance of the contract.  Thus, the Plaintiff's equitable claim should be tried first, because if it is granted, it would eliminate the damages claim by Defendants.

[3]

Recusal is addressed in 28 U.S.C. § 144 (bias or prejudice of judge) or under 28 U.S.C. § 455 (disqualification of justice, judge or magistrate judge).  Plaintiff's counsel did not identify which statutory section applied, however, since Plaintiff's motion does not invoke bias, the Court assumes relief is requested under § 455.

**(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**(b)** He shall also disqualify himself in the following circumstances:

> **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

> **(2)** Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

> **(3)** Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

> **(4)** He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

> **(5)** He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

>> **(i)** Is a party to the proceeding, or an officer, director, or trustee of a party;
>> **(ii)** Is acting as a lawyer in the proceeding;
>> **(iii)** Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>> **(iv)** Is to the judge's knowledge likely to be a material witness in the proceeding.

**(c)** A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

**(d)** For the purposes of this section the following words or phrases shall have the meaning indicated:

> **(1)** "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;

> **(2)** the degree of relationship is calculated according to the civil law system;

> **(3)** "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

> **(4)** "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:

>> **(i)** Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

10

    **(ii)** An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

    **(iii)** The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

    **(iv)** Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

**(e)** No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

**(f)** Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

  The Sixth Circuit has noted that "a judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" *Scott v. Metropolitan Health Corp.*, 243 Fed. Appx. 341, 352 (6th Cir. 2007), *quoting United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006). "Recusal is an objective standard and not based upon the subjective viewpoint of a party." *Creusere v. Weaver*, 2009 WL 170667 *4 (6th Cir. 2009), *citing Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). *See also Smith v. Caterpillar, Inc.*, 304 Fed. Appx. 391, 396 (6th Cir. 2008) ("recusal is only necessary where a 'reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'"), *citing Hughes v. United States*, 889 F.2d 1495, 1501 (6th Cir. 1990). *See also United States v.*

*Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999).    In making a determination under § 455, "the judge is free to make credibility determinations, assign to the evidence what he believes to be its proper weight, and to contradict the evidence with facts drawn from his personal knowledge." *Scott*, 243 F3d. Appx. at 354.  The *Scott* Court further noted the late Chief Justice Renquist's words that, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Id. quoting Laird v. Tatum*, 409 U.S. 824, 837 (1972).

In this litigation, the Court has conducted some twenty-two status conferences.[4]  On April 27, 2010, the undersigned advised all counsel that if the Court found there was no basis for a jury trial,  this judge would not try the case because he had conducted a mediation on April 13, 2010. At a subsequent conference on May 21, 2010, the Court indicated it would not rule on other pending motions until the jury issue was determined and if there was not a right to a jury, the undersigned would recuse sending the motions to a new judicial officer.  On June 18, 2010, the undersigned did  express his intent to recuse from this case, if it were found to be a trial to the bench.  Additionally, the Court indicated it would rule on all pending motions prior to the recusal.

While Plaintiff is correct the Court opined on its intent given the ruling on a jury/non-jury issue, Plaintiff's counsel, James B. Tobin, incorrectly notes in his affidavit that such motions include a motion in limine or a ruling "*sue esponte* [sic]" on a waiver defense.  (Tobin Affid. at ¶ 3.)

---

[4]

 The undersigned's recollection of what transpired in these status conferences is taken from internal case notes.

It was the hope of the undersigned to resolve pending motions and not saddle the next judicial officer with a multitude of pending motions.  However, the goal of judicial economy must give way to Plaintiff's request given the propriety of a bench trial.  Accordingly, Plaintiff's motion for recusal will be granted.

### CONCLUSION

For the reasons stated above, the Court finds Plaintiff's withdrawal of their jury demand is proper.  Plaintiff's claim on rescission is subject to a bench trial.  Finally, Plaintiff's motion for recusal (Doc. No. 259) is granted.

IT IS SO ORDERED.

   S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

13