IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Chicago Ins. Co.,                                      Case No. 1:01cv2588

           Plaintiff

v.                                                 **ORDER**

James A. Capwill, et al.,

           Defendants

This is a motion to disqualify the law firm of Lewis, Brisbois, Bisgaard & Smith, LLP ("Lewis"), as counsel for plaintiff. Movant, counsel for the defendants (acting as reciever), alleges that the firm improperly paid a witness and attempted to influence his testimony in violation of 18 U.S.C. §§ 201(b)(3), (c)(2), O.R.C. § 2921.02(E), and Rule 3.4 of the Ohio Rules of Professional Conduct.

I deny the motion, seeing no indication of unethical conduct, let alone the criminal conduct that the state and federal laws prohibit.

Defendants' counsel sought to depose Gregory Schrom, plaintiff's former employee, for testimony relating to his time as an underwriter working for plaintiff. Schrom was not employed as an underwriter when plaintiff issued the policy in question; he was only an underwriter when the

1

plaintiff did not renew the policy. Defendants' counsel requested plaintiff's counsel to arrange for Schrom's voluntary appearance without need for a subpoena.

Plaintiff's counsel did not object to this request, and went about securing Schrom's presence. Schrom ask to be paid at the rate of $175/hour for his time spent preparing for the deposition and being deposed. He based his request on the hourly equivalent of his income as a senior vice president of a different insurance company.

Plaintiff (rather than plaintiff's counsel) agreed; it ultimately paid Schrom $2,187.50 for eight and a half hours of preparation, review and transportation, and four hours of deposition testimony. Plaintiff's counsel also represented Schrom at the deposition.

The purpose of the ethical rules and criminal statutes with whose violation the defendants charge plaintiff's counsel is to prevent attorneys from soliciting and purchasing testimony, whether that testimony be truthful or false. *Holmes v. U.S. Bank*, 2009 WL 1542786, at *6 (S.D.Ohio) (holding the proposed payment of an undetermined amount of money in exchange for truthful testimony to be sanctionable). Defendants ask me to interpret 28 U.S.C. § 1821, which sets $40 per day plus travel costs as a statutory witness fee, as an ironclad restriction on all other witness payments. This would turn any additional payment into a *de facto* attempt to solicit witness testimony.

Defendants' requested interpretation is incorrect, and against both the doctrine of our Circuit and established ethical boundaries of witness compensation. Payments to former employees for their time preparing for depositions are unquestionably proper so long as the payment is not pretext for an inducement to testify. *See Michigan First Credit Union v. Al Long Ford, Inc.*, 2010 WL 5129890 (Mich. App.) (holding such payments proper for preparatory work relating to lay witness testimony).

2

That pretext would be apparent where, for instance, a complaint from the opposing party led to a reduction in payment without explanation or a change in the witness's duties relative to the party providing payment. *See Nissan N. Am., Inc. v. Johnson Elec. N. Am.*, 2011 WL 1812505 (E.D.Mich.) (disqualifying counsel for paying a witness $350 per hour, subsequently reduced to $175 per hour after opposing counsel complained, with no explanation for the reduction in pay).

It was unquestionably proper for plaintiff's counsel to provide payment equivalent to Schrom's salary for his time spent preparing for his deposition, reviewing his testimony and traveling to and from deposition-related appointments. The payment for Schrom's time being deposed is also proper. Compensating a witness's time for preparatory work but then failing to compensate that witness for their time spent in deposition would have the perverse effect of making an above-the-board arrangement seem like the one in *Nissan*: a pretextual arrangement terminated fearing discovery of that pretext – whether actual or potential – by opposing counsel.

The hourly salary for the senior vice president of an insurance company with years of experience could reasonably be set at $364,000 per year ($175 per hour annualized, presuming a forty-hour work week and fifty-two weeks of work per year). There is no indication that the $2,187.50 Lewis compensated Schrom for his time is an amount of money that would be "life-changing", *Holmes*, *supra*, at *5, or that the fee was paid to accomplish any goal other than covering the reasonable expense of Schrom's lost time.

Plaintiff's counsel representing Schrom at his deposition was also proper. It is not uncommon that a party will provide counsel to deposed employees, whether present or former. There is no indication that plaintiff provided counsel to Schrom as an inducement to testify. *See, e.g., Biocore Med. Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660 (D. Kan. 1998). The actions that

3

defendants allege were a "hijacking" of its witness and an effort to obstruct their access to evidence were, in fact, the normal actions of counsel ethically representing a client during a legal proceeding.

Plaintiff's counsel acted ethically in its dealings with Schrom, and acted properly in compensating him for his time spent preparing for deposition and being deposed.

It is, therefore, ordered that defendants' motion for disqualification (Doc. 359) be, and the same hereby is denied.

So ordered.

s/James G. Carr<br>Sr. United States District Judge