## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Chicago Insurance Company, etc.,                                          Case No. 3:01CV2588

        Plaintiff

    v.                                                                           **ORDER**

James A. Capwill, et al.,

        Defendant

Pending in this case is plaintiff Chicago Insurance Company's (CIC) bill of costs. (Doc. 416). The real party in interest, the receiver for Viatical Escrow Services (VES) and Capital Fund Leasing (CFS), has filed an opposition. (Doc. 421), to which plaintiff has filed a reply. (Doc. 429). For the reasons that follow, I hold further consideration of the bill in abeyance pending CIC's obtaining leave to submit it from the Hon. David A. Katz.

### Discussion

The receiver opposes the bill on three grounds:

1.  The bill violates Fed. R. Civ. P. 56 and injunctive provisions in the order of the Hon. David D. Dowd in *Liberte Captial Group v. Capwill*, No. 5:99CV818 (Order of July 15, 1999) (*Liberte*), appointing the receiver (Doc. 421-1) (Appointment Order);

2.  An award of costs against the receiver would be an abuse of discretion;

3.  The request seeks reimbursement for costs that are not taxable and/or which were not reasonably necessary for resolution of the case on the merits.

Plaintiff disputes these contentions. I have concluded, for the reasons that follow, that I am without jurisdiction to consider the bill because I am not the Appointing Court. That presently is the Hon. David A. Katz, successor in that capacity to the Hon. David D. Dowd.

### Discussion

The receiver contends there are two barriers to imposing costs against the receiver: Fed. R. Civ. P. 66 and Judge Dowd's injunction.

### 1. Rule 66

Rule 66 (emphasis supplied) states:

These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court-appointed officer *must accord with the historical practice in federal courts or with a local rule*. An action in which a receiver has been appointed may be dismissed only by court order.

### a. Claim Against the Reciever

According to the receiver, the "historical practice in federal courts," as reflected in *Barton v. Barbour*, 104 U.S. 126 (1881), requires claimants seeking recovery against a receiver to first seek leave from the appointing court to do so. Under *Barton*,

It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court.

*In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993) (quoting *Barton*, 104 U.S. at 129).

The *"Barton* Doctrine," plaintiff argues, prevents any creditor from bypassing the Appointing Court, with its *in rem* jurisdiction over the receivership's limited and otherwise insufficient assets, and thereby gain a *de facto* priority over other unsecured claimants:

2

A suit, therefore, brought without leave to recover judgment against a receiver for a money demand is virtually a suit the purpose of which is, and effect of which may be, to take the property of the trust from his hands and apply it to the payment of the plaintiff's claim without regard to the rights of other creditors or the orders of the court which is administering the trust property.

104 U.S. at 128-29.

Thus, the receiver contends, no other court, including this Court, can entertain or adjudicate claims involving a receivership without prior permission to do so from the court that appointed the receiver.

In addition to *Barton*, the receiver cites Local Civ. R. 66.1(d) (Administration of Estates), which states in part, "the receiver .  .  . shall administer the estate as nearly as may be in accordance with the practice in the administration of estates in bankruptcy, except as otherwise ordered by the Court." This provision of our Local Rules, the receiver contends, incorporates, in effect, the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a).

Section 362(a) precludes, in pertinent part: "(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; [and] (4) any act to create, perfect, or enforce any lien against property of the estate; absent leave of the bankruptcy court."

The Appointing Order contains the equivalent of a Bankruptcy Court stay order. In pertinent part, the Appointment Order enjoins "commencing or continuing any action at law or suit or proceeding equity to . . . enforce any claim against . . . the Receiver in any court."

After Judge Dowd issued the Appointing Order, he transferred *Liberte* to Judge Katz, to whom criminal proceedings involving Capwill and his co-conspirators were assigned. After transfer,

3

suits, including claims by insurers claiming to have been defrauded by Capwill and his co-conspirators, were instituted elsewhere than before Judge Katz.

The receiver sought, and Judge Katz, applying the Appointing Orders' injunctive provisions, granted a show cause order, entered a contempt finding, and expanded the scope of the Appointing Order's injunction. On appeal, the Sixth Circuit upheld Judge Katz's order. *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 557 (6th Cir. 2006).

In response, CIC argues that neither Rule 66 nor the *Barton* Doctrine applies to its demand for reimbursement of its costs under Rule 54.

I disagree, at least to the extent that CIC has presented its bill to me. Before I can, should, or will consider it, CIC should seek leave from Judge Katz for me to do so.

First, with regard to Rule 66, I am not, contrary to plaintiff's contentions and as already stated, the Appointing Court. This case differs substantially from *Liberte*, even though it and this have their origins in the same core underlying events – the frauds committed by Capwill and others.

At this point in this litigation, what matters is resolution of the parties' dispute as to whether CIC is entitled, in the first instance, even to ask me to grant it reimbursement from the receiver.

That decision, in turn, involves applying and perhaps even interpreting the Appointing Order, which is now in Judge Katz's hands. So, if Rule 66 and the Appointment Order require the Appointing Court's approval, plaintiff should ask for it from Judge Katz.

The plaintiff argues that leave from the Appointing Court is not necessary. This it so, it contends, because its costs resulted from the receiver's counter-claim for coverage under a professional liability policy CIC issued to Capwill, an accountant.

The receiver asserted his counter-claim for coverage in response to plaintiff's demand for a declaratory judgment that it be relieved of any obligation to defend and indemnify Capwill. Though CIC did not originally seek rescission, it was granted leave later to amend its complaint to state a cause of action for that remedy, which I ultimately granted to CIC. *Chicago Ins. Co. v. Capwill*, 2011 WL 6440756 (N.D. Ohio).

Whether CIC incurred its costs in bringing the case or as a result of defending a counter-claim does not matter. If it is entitled to costs, it is entitled to costs, whether as plaintiff or defendant (or counter-defendant).

In any event, it is for Judge Katz to decide whether the bill of costs should, in principle, be allowed. If so, it is for me, who handled the litigation, to decide just how much of the contested costs I should allow.

This is, therefore, a two-step process, requiring CIC to apply first to Judge Katz for leave to submit its bill in the first instance. Then and only then, if Judge Katz grants such leave, does CIC come to me to complete the second step. CIC having not taken the first step, I decline to take the second.

It is, therefore,

ORDERED THAT:

1.      Further consideration of plaintiff's bill of costs (Doc. 416) be, and the same hereby is held in abeyance pending plaintiff's acquisition of leave from the Hon. David A. Katz to submit such bill;

2.      Plaintiff to seek such leave forthwith, and in any event, not later than May 1, 2012;

3.    In the event such leave is denied, the pending bill of costs shall be deemed

withdrawn, with prejudice; anad

4     Plaintiff to notify the undersigned Judge Katz's ruling on its request for leave within

two weeks of the issuance of such ruling.

So ordered.


                                        /s/ James G. Carr
                                        Sr. United States District Judge